IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRISTAN TRAVIS RAWLS,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Civil Action No. 2:16cv501-MHT
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀⠀[WO]
UNITED STATES OF AMERICA,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Respondent.⠀⠀⠀⠀⠀)

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc.

No. 1),[1] petitioner Tristan Travis Rawls challenges his career-offender enhanced sentence,

asserting he is entitled to be resentenced in light of the United States Supreme Court's

decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## I.  BACKGROUND

On August 13, 2013, Rawls pleaded guilty under a plea agreement to conspiracy to

distribute a controlled substance—powder and crack cocaine—in violation of 21 U.S.C. §

846, and use of a communication facility to facilitate a drug offense in violation of 21

U.S.C. § 843(b).[2]  *See* Criminal Case, 2:12cr235, Doc. No. 259.  On December 17, 2013,

---

[1]  References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials
in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations
are to the page of the electronically filed document in the court's CM/ECF filing system, which may not
correspond to pagination on the "hard copy" of the document presented for filing..

[2] The written plea agreement contained a provision by which Rawls waived his right to appeal or collaterally
attack his sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial
misconduct.  Doc. No. 8-4 at 5–6.

the district court sentenced Rawls to 120 months in prison, comprising 120 months on the conspiracy conviction and 48 months on the communication-facility conviction, to be served concurrently.  *See* Criminal Case, 2:12cr235, Doc. No. 474.  In sentencing Rawls, the district court adopted the PSI's recommendation that he be designated as a career offender under § 4B1.1(a) of the Sentencing Guidelines based on his two prior Alabama controlled substance convictions, in 2006 and 2011, for unlawful distribution of cocaine.[3]  *See* Criminal Case, 2:12cr235, Doc. No. 422 at 10–11 (¶ 44); *id.,* Doc. No. 474.  The district court entered its judgment on December 24, 2014.  *Id.*, Doc. No. 430.  Rawls took no appeal.

On June 27, 2016, Rawls filed this § 2255 motion arguing that, under the holding in *Johnson*, his prior controlled substance convictions do not qualify as predicate convictions for use in applying the career offender enhancement.[4]  Doc. No. 1 at 14.  Rawls maintains that his career-offender enhanced sentence relying on his prior controlled substance convictions must be invalidated under *Johnson*.  Doc. No. 1 at 10 & 14.

---

[3] The Sentencing Guidelines provide for a sentencing enhancement for defendants who are "career offenders."  *See* U.S.S.G. § 4B1.1.  A defendant is considered a "career offender" if three conditions are met: (1) the defendant was at least 18 years old at the time of the conviction; (2) the offense of the conviction is a felony that is either a "crime of violence" or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).

[4] Although Rawls does not cite *Johnson* by name in his motion, he says his claim is "ripe for review, because of a retroactive applicable United States Supreme Court ruling."  Doc. No. 1 at 10.  In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* is retroactively applicable to cases on collateral review.  Given the nature of Rawls's argument (*see* Doc. No. 1 at 14), the court presumes he means to rely on *Johnson* as a basis for relief.

For the reasons that follow, the magistrate judge finds that Rawls's § 2255 motion should be denied and this case dismissed with prejudice.

## II.   DISCUSSION

### A.   *Johnson* Claim

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause—which included in the definition of "violent felony" any offense that "otherwise involves conduct that presents a serious potential rise of physical injury to another"—was unconstitutionally vague.[5]  135 S. Ct. at 2557.  Based on that holding, the Supreme Court concluded that "imposing an increased [ACCA] sentence under the residual clause . . . violates the Constitution's guarantee of due process."  *Id*. at 2563.  In April 2016, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* applies retroactively to cases on collateral review.  136 S. Ct. at 1268. As a result of *Johnson* and *Welch*, inmates sentenced as armed career criminals based

---

[5] Under the ACCA, 18 U.S.C. § 924(e), a defendant who violates 18 U.S.C. § 922(g) (criminalizing possession of a firearm by a convicted felon) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of fifteen years' imprisonment.  *See* U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)  is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition, § 924(e)(2)(B)(i), is known as the "elements clause."  *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016).  The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses.  The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause."  *Id*.

on prior convictions deemed "violent felonies" under the ACCA's residual clause were allowed to challenge their ACCA sentences through § 2255 motions.

The Supreme Court in *Johnson* did not extend its holding regarding the ACCA's residual clause to the Sentencing Guidelines.  *See* 135 S. Ct at 2563.  And after *Johnson* was decided, the Eleventh Circuit, *in United States v. Matchett*, 802 F.3d 1185, 1189 (11th Cir. 2015), specifically held that *Johnson* did not render unconstitutional the residual clause in the career offender guideline, which had language very similar to the ACCA's residual clause, because "the vagueness doctrine applies only to laws that prohibit conduct and fix punishments, not advisory guidelines."[6]  802 F.3d at 1189.

On March 6, 2017, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court reviewed the issue presented to the Eleventh Circuit in *Matchett* and reached the same conclusion, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges."  137  S.Ct. at 890.  The Court reasoned that, "[u]nlike the ACCA .

---

[6] Under the career offender guideline, a "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)–(2).  Subsection (a)(1) of § 4B1.2 is referred to as the "elements clause," while subsection (a)(2) contains enumerated crimes and the "residual clause."  *See United States v. Lockley*, 632 F.3d 1238, 1240–41 (11th Cir. 2011).  The residual clause applies to offenses involving conduct "that "presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).  Amendment 798 to the Sentencing Guidelines eliminated the residual clause in the career offender guideline in August 2016. The effect of that Amendment, however, is not an issue in Rawls's case.

. . the advisory [Sentencing] Guidelines do not fix the permissible range. . . . [T]hey merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range." *Id.* at 892. The Court further reasoned that, unlike the ACCA, the Sentencing Guidelines "do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at at 894.

As indicated above, the district court deemed Rawls a career offender under U.S.S.G. § 4B1.1(a) due to his two prior convictions for unlawful distribution of a controlled substance. Rawls contends this court should resentence him without that designation due to the decision in *Johnson*. However, the Supreme Court's decision in *Beckles* entirely forecloses this argument. Under *Beckles, Johnson* has no applicability to the Sentencing Guidelines. Therefore, Rawls cannot use *Johnson* to challenge his career-offender enhanced sentence.

Moreover, because the ACCA played no part in Rawls's conviction and sentence, the main holding of *Johnson*, which voided the ACCA's residual clause, does not apply to Rawls's case. Finally, and importantly, Rawls's career-offender enhanced sentence was not based on any residual clause-type provision, whether in the ACCA (which, as stated, did not apply to Rawls) or in the Sentencing Guidelines, including the career offender guideline. The career offender enhancement applies where the defendant has at least two prior felony convictions of either a crime of violence or *a controlled substance offense*. U.S.S.G. § 4B1.1(a). Rawls's career offender enhancement was based entirely on his two prior convictions for unlawful distribution of a controlled substance. *Johnson* in no way

5

implicated or invalidated the career offender enhancement (or the ACCA, for that matter) as it relates to prior convictions for controlled substance offenses.

Because *Johnson* does not extend to defendants sentenced under the career offender guideline and it does not apply to prior drug offenses, Rawls demonstrates no basis for relief on his *Johnson* claim.

## B.    Statute of Limitations

The government correctly argues that Rawls's claim is also time-barred under the one-year limitation period in 28 U.S.C. § 2255(f), since his attempt to rely on *Johnson* is misplaced.  *See* Doc. No. 8 at 7–8.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court.  28 U.S.C. § 2255(f).  A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final. [7]  28 U.S.C. § 2255(f)(1).  As noted above, the district court entered its judgment on December 24, 2014.  When a defendant files no direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires.  *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Accordingly, Rawls's conviction became final on January 7, 2015.  *See* Fed.R.App.P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days

---

[7] The § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness."  *See Zack v. Tucker*, 704 F.3d 917, 924, 926 (11th Cir. 2013).  "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision.  If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed."  *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017)

after entry of the judgment).  Because Rawls did not file this § 2255 motion until June 27, 2016, his motion is untimely under § 2255(f)(1).

Rawls cannot rely on § 2255(f)(3) to overcome this problem.  Under subsection (f)(3), the one-year limitation period does not run from the date a conviction becomes final, but instead from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Rawls assumes that the *Johnson* case fits within the (f)(3) definition and also gives him a right to relief, and that his § 2255 motion is therefore not time-barred.  However, as indicated above, Rawls's reliance on *Johnson* is misplaced, since (1) he was not sentenced under the ACCA and the only provision the Supreme Court in *Johnson* found to be unconstitutional was the residual clause of the ACCA; (2) the Supreme Court clarified in *Beckles* that the holding in *Johnson* does not extend to the Sentencing Guidelines; and (3) Rawls's career-offender enhanced sentence was not based on any residual clause-type provision, whether in the ACCA or in the Sentencing Guidelines.

*Johnson* does not give Rawls any right to relief from the sentence he received, and because *Johnson* is inapplicable, the limitation period applicable to Rawls's claim is found in § 2255(f)(1).  His § 2255 motion asserting this claim is untimely.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the §2255 be denied and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 6, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of July, 2018.

/s/  Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE